People v Ortiz (2018 NY Slip Op 02404)





People v Ortiz


2018 NY Slip Op 02404


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Friedman, J.P., Gesmer, Kern, Moulton, JJ.


4369 14/10

[*1]The People of the State of New York, Respondent,
v
Yosttin Ortiz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Ryan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Ryan P. Mansell of counsel), for respondent.



Order, Supreme Court, Bronx County (Troy K. Webber, J.), entered on or about December 9, 2015, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication (see Correction Law § 168-n[3]). Defendant was properly assessed points under the risk factor for being a stranger to the victim. To impute to defendant the codefendant's alleged acquaintance with the victim would be an illogical application of the principle of accessorial liability, having little bearing on defendant's personal risk of reoffense. The court also properly considered defendant's prior youthful offender adjudication in assessing points under the risk factors for prior crimes and the recency of those prior crimes (see People v Francis, - NY3d -, 2018 NY Slip Op 01017 [February 13, 2018]; see also People v Wilkins, 77 AD3d 588 [1st Dept 2010], lv denied 16 NY3d 703 [2011]).
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant, most notably his age (nearly 17) at the time of the underlying crime, were adequately taken into account by the risk assessment instrument, or were outweighed by the heinousness of the crime.
The court properly designated defendant a sexually violent offender because he was convicted of an enumerated offense, as an adult offender under New York law, and it lacked discretion to do otherwise (see People v Bullock, 125 AD3d 1 [1st Dept 2014], lv denied 24 NY3d 915 [2015]). We have considered and rejected defendant's constitutional arguments, including his claims that, because of his age at the time of the crime, he was constitutionally entitled to relief from his risk level and his sexually violent offender designation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK